UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GARY ALAN WIELAND, )
)
Plaintiff, )
) CIVIL ACTION NO.
VS. )
) 3:16-CV-0202-G
ASHTON CARTER, Secretary of )
Defense, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Ashton Carter, Secretary of

Defense, Department of Defense, Army and Air Force Exchange Service ("Secretary

Carter"), to dismiss the claims of the plaintiff, Gary Alan Wieland ("Wieland"),

pursuant to FED. R. CIV. P. 12(b)(1) (docket entry 17).  For the reasons set forth

below, the motion is granted.

## I.  BACKGROUND

On January 25, 2016, Wieland filed this suit *pro se* against Secretary Carter

claiming that he was defamed, slandered, and libeled by six current or former

employees he used to work with at the Army and Air Force Exchange Service

("AAFES") during the course of a sexual harassment investigation against him. Complaint ¶ II (docket entry 3).  Wieland claims the actions of these individuals "exacerbated the sexual harassment charge" against him and resulted in his "termination from AAFES, loss of enjoyment of life, depression, damage to reputation, and loss of pension." *Id.*

On June 6, 2016, Secretary Carter filed the instant motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.  Defendant's Motion to Dismiss for Lack of Jurisdiction and Brief in Support ("Motion") (docket entry 17).  On June 9, 2016, Wieland filed a response (docket entry 20), to which Secretary Carter served a timely amended reply (docket entry 22).  The motion to dismiss is now ripe for decision.

Because the court concludes that Wieland's claims are barred under the exception to the Federal Tort Claims Act ("FTCA") in 28 U.S.C § 2680(h), the court need not address Secretary Carter's additional contention that Wieland's claims are untimely.  *See* Motion at 4 (citing 28 U.S.C. § 2680(h)).

## II.  ANALYSIS

### A.  Standard for Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter.  *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction

must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); *see also Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted).  On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case ... [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on:  "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).

## B.  Standard for FTCA Jurisdiction

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445

- 3 -

U.S. 535, 538 (1980); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001)

("Generally, the United States enjoys sovereign immunity from suit unless it has

specifically waived immunity.").  "Congress enacted the FTCA as a limited waiver of

the sovereign immunity of the United States."  *Johnston v. United States*, 85 F.3d 217,

218-19 (5th Cir. 1996).

   "The FTCA gives federal district courts jurisdiction over claims against the

United States for money damages 'for injury or loss of property, or personal injury or

death caused by the negligent or wrongful act or omission of any employee of the

Government while acting within the scope of his office or employment, under

circumstances where the United States, if a private person, would be liable to the

claimant in accordance with the law of the place where the act or omission occurred.'"

*Sheridan v. United States*, 487 U.S. 392, 398 (1988) (quoting 28 U.S.C. § 1346(b)).

Despite the apparently broad reach of FTCA jurisdiction, the FTCA specifically

excepts various categories of claims from the waiver of immunity.  See *Ali v. Federal

Bureau of Prisons*, 552 U.S. 214, 218 (2008) (citing 28 U.S.C. §§ 2680(a)-(n)).

Additionally, the exceptions must be strictly construed in favor of the government.

*Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994).

### C.  Application

   Secretary Carter contends that the intentional tort exception, 28 U.S.C.

§ 2680(h), prevents this court from exercising subject matter jurisdiction over this

- 4 -

case.  Motion at 4-6.  Under the intentional tort exception, the federal courts lack

FTCA jurisdiction over "[a]ny claim arising out of assault, battery, false

imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander,

misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).

To determine if a claim is "arising out of" one of the enumerated torts, courts look to

the conduct upon which the plaintiff's claim is based.  *Truman*, 26 F.3d at 594.  "If

the conduct upon which a claim is based constitutes a claim 'arising out of' any one

of the torts listed in section 2680(h), then the federal courts have no jurisdiction to

hear that claim."  *Id.* (internal citations omitted).

     In the present case, Wieland's complaint is barred by the FTCA because he

asserts claims for libel and slander.  *See* 28 U.S.C. § 2680(h).  Throughout his

complaint, Wieland makes repeated allegations of libel and slander.  *See* Complaint;

RESTATEMENT (SECOND) OF TORTS § 568 (1977) ("Libel consists of the publication

of defamatory matter by written or printed words."; "Slander consists of the

publication of defamatory matter by spoken words.").  Wieland described his

complaint on the civil cover sheet as "[s]landerous statements by AAFES employees

caused loss of employment, pension, reputation, and depression."  Civil Cover Sheet

(docket entry 3).  He further alleges that AAFES employees made "remarks that

either defamed the character of, slandered or libeled Mr. Gary Alan Wieland."

Complaint ¶ II.  Wieland uses six paragraphs in his complaint to lay out the false

statements AAFES employees allegedly made about him.  *See* Complaint ¶ II (1-6)

("Ms. Campos defamed Mr. Wieland's character by accusing him of sexual

harassment."  *Id.* ¶ 1; "Ms. Savior defamed Mr. Wieland's character by accusing him

of sexual harassment."  *Id.* ¶ 2; "Mr. Griffiths defamed Mr. Wieland's character by

accusing him of crude and unprofessional conduct."  *Id.* ¶ 3.).  At the end of his

complaint, Wieland avers, "This is clearly a case of both slander and libel."

Complaint ¶ II (6).

    Even if Wieland's *pro se* complaint is liberally construed as asserting a cause of

action not expressly precluded by the exceptions in the FTCA -- such as intentional

infliction of emotional distress -- the claim would still be barred by the FTCA because

all of the underlying conduct in Wieland's complaint arises out of conduct that would

establish causes of action for libel and slander.  *Truman*, 26 F.3d at 594 ("Thus, the

FTCA bars a claim based on conduct that constitutes a tort listed in section 2680(h),

even though that conduct may also constitute another tort not listed in section

2680(h).").  Accordingly, Wieland's action is barred by the FTCA and the court lacks

subject matter jurisdiction over his claims.

## III.  CONCLUSION

    For the reasons stated above, Secretary Carter's Rule 12(b)(1) motion to

dismiss for lack of subject matter jurisdiction is **GRANTED**.  Wieland's claims will be

dismissed without prejudice at his cost.

**SO ORDERED**.

July 11, 2016.

_A. Joe Fish_
A. JOE FISH
**Senior United States District Judge**